**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

|  |  |
|---|---|
| Brandon Jones, | : |
|  | : |
|  | : |
| Plaintiff, | : Civil Action No.: 4:14-CV-4130-RMG |
| v. | : |
|  | : **COMPLAINT AND DEMAND FOR** |
| American Credit Acceptance Corporation; and | : **JURY TRIAL** |
| DOES 1-10, inclusive, | : |
|  | : |
| Defendants. | : |
|  | : |

For this Complaint, the Plaintiff, Brandon Jones, by undersigned counsel, states as follows:

<u>**JURISDICTION**</u>

1.     This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA") and the invasions of Plaintiff's personal privacy by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

<u>**PARTIES**</u>

4.     The Plaintiff, Brandon Jones ("Plaintiff"), is an adult individual residing in Florence, South Carolina, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

5.      Defendant American Credit Acceptance Corporation ("America"), is a South Carolina business entity with an address of 340 East Main Street, Suite 500,  Spartanburg, South Carolina 29302, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

6.      Does 1-10 (the "Agents") are individual agents employed by American and whose identities are currently unknown to Plaintiff.  One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7.      American at all times acted by and through one or more of the Agents.

## FACTS

8.      Beginning in August of 2014, American began calling Plaintiff's cellular telephone, number [843-XXX-5141], in an attempt to reach a person other than Plaintiff.

9.      In particular, American's calls referenced a person other than Plaintiff by the name of "Katrina Allison."

10.      American called Plaintiff using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

11.      Plaintiff has no prior business relationship with American and, upon information and belief, never provided his express consent to American to be contacted by means of an automated system.

12.      When Plaintiff answered the calls from American, he was met with a click before being connected to a live agent.

13.      During a conversation in August of 2014, Plaintiff advised American that it had the wrong number, and as such requested all calls stop.

14.      Despite this request, American continued to place dozens of ATDS calls to Plaintiff's cell phone.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

15.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16.     At all times mentioned herein and within the last year, Defendant called Plaintiff on his cellular telephones using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

17.     In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

18.     Defendant's telephone systems have some earmarks of a Predictive Dialer.

19.     Often times when Plaintiff answered the phone, he was met with a clicking noise before Defendant's telephone system would connect him to the next available representative.

20.     Upon information and belief, Defendant's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

21.     Defendant contacted Plaintiff by means of automatic telephone calls to his cellular phone knowing that it lacked consent to call his number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

22.     The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

23.     The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

24.     As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

25.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 23, 2014

Respectfully submitted,

By _____

Brian J. Headley, Esquire
District of South Carolina Bar ID No. 11427
The Headley Law Firm
1156 Bowman Rd., Suite 200
Mount Pleasant, SC  29464
Telephone: (843) 375-6181
Facsimile: (843) 375-6185
bjheadley@yahoo.com
bheadley@lemberglaw.com

Of Counsel To
Sergei Lemberg
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (888) 953-6237